UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marcus Rushing,                                          Civ. No. 25-2001 (PAM/EMB)

       Plaintiff,

v.                                                                    **ORDER**

McGaw Medial Center of
Northwestern University,
Wood County Hospital,
Wood Health Company, LLC,
and Unity Point Health,

       Defendants.

---

This matter is before the Court on pro se Plaintiff Marcus Rushing's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (Mot. (Docket No. 55).) On October 1, 2025, the Court dismissed this case for failure to state a claim. (Docket No. 41.) Rushing asks the Court to vacate its Order dismissing the case and "reinstate" his case. (Docket No. 55 at 2.)

In relevant part, Rule 60(b) explains that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In general, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th Cir. 1994) (citation and internal quotation marks omitted).

First, Rushing seeks relief under Rule 60(b)(1), claiming that the Court determined that "the dismissal was based on the existence of a prior dismissal in another federal case." (Mot. at 2.)  He is mistaken.  The Court's previous Order does not mention any such case, much less list it as the reason for the dismissal of this action.  This argument fails.

Second, Rushing argues that "relief under Rule 60(b)(6) is warranted because the dismissal is a fundamental miscarriage of justice and because extraordinary circumstances exist that warrant relief."  (Id.)  Rushing fails to identify any facts supporting his claim of a miscarriage of justice or articulate any extraordinary circumstance.  Rushing also asserts that the Court's previous Order "permanently" prevents his access to the courts.  (Id.)  This allegation is erroneous.  The Court dismissed Rushing's case without prejudice, and in no way curtailed his future court access.

Accordingly, **IT IS HEREBY ORDERED that:**

1.   Plaintiff Marcus Rushing's Motion for Relief from Judgment (Docket No. 55) is **DENIED**; and

2.   Plaintiff's Motion for Electronic Filing Access (Docket No. 56) is **DENIED as moot**.


Dated: <u>March 5, 2026</u>                    *s/ Paul A. Magnuson*
                                                                    Paul A. Magnuson
                                                                    United States District Court Judge

2